IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
OCT 17 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 3:13-cr-30222-DRH |
| | ) | |
| BARRETT R. ROCHMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of the Plea Agreement, the Defendant intends to plead guilty in this case.

### I.

1. By pleading guilty, the Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

2. The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every

other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

3. Defendant agrees that the Plea Agreement and Stipulation of Facts constitute the entire agreement between Defendant and the United States and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts.

4. It is further understood that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

5. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant agrees that the full amount of the special assessment will be paid prior to or at the time of sentencing.

6. Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts pertaining to the fiscal year 2011, are, for imprisonment: $2,407.78 per month; for community confinement: $2,180.27 per month; and for supervision: $286.11 per month. The

Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and the Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8. Defendant understands that he is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Under federal law, typically that means the Defendant would be forbidden by federal firearms laws from possessing any type of firearm or firearm ammunition in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute. However, in this case, 18 U.S.C. § 921(20)(A) provides that the term "crime punishable by imprisonment for a term exceeding one year" does not include antitrust violations. As such, federal law will not prohibit the possession of a firearm or firearm ammunition by the Defendant subsequent to his plea of guilty. The Defendant is cautioned that state law prohibitions to the possession of a firearm or ammunition may exist.

9. The Defendant understands and agrees that if Defendant commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of the Plea Agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action

taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the plea of guilty.

10. The Defendant has read the Plea Agreement and has discussed it with defense counsel, understands it, and agrees to be bound by it.

## II.

1. The Defendant will enter a plea of guilty to the Information, which charges a violation of the Sherman Antitrust Act, in violation of 15 USC §1, which carries the following penalties: A violation of the Sherman Act carries a maximum penalty of 10 years in prison; 3 years' supervised release, $100 special assessment; and a $1 million fine for individuals. The maximum fine may be increased to twice the gain derived from the crime or twice the loss suffered by the victim if either amount is greater than $1 million.

2. The Government and the Defendant agree that the following constitute the essential elements of the offenses, and Defendant admits that his conduct violated these essential elements of the offenses:

> a. First, the charged conspiracy to rig bids and fix prices was knowingly formed and was in existence at or about the time alleged;
>
> b. Second, the defendant knowingly joined the charged conspiracy; and
>
> c. Third, the charged conspiracy either substantially affected interstate commerce or occurred within the flow of interstate commerce.
>
> A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. A defendant acts knowingly if the Government proves that he had a strong suspicion of a fact and that he deliberately avoided the truth. A defendant does not act knowingly if he was merely mistaken or careless in not discovering the truth, or if he failed to make an effort to discover the truth.

4

3.      The Government and the Defendant submit that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 12, a Criminal History Category of I, and a sentencing range of 10-16 months. Typically Offense Level 12 carries a Guideline fine range of $3,000-$30,000, pursuant to U.S.S.G. §5E1.2. However, the Sentencing Guidelines contain a special fine guideline applicable to antitrust violations, pursuant to U.S.S.G. §2R1.1(c)(1). That section provides that the fine range shall be from 1% to 5% of the affected volume of commerce, but not less than $20,000. The volume of commerce attributable to the Defendant totaled $3,715,955, thereby making the fine range $37,159-$185,797. The Government and Defendant agree that this submission is not intended to be binding on the Court, and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to withdraw Defendant's plea of guilty. The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable Guideline sentencing range and acknowledge that it is the Court that is ultimately responsible for determining the applicable Guideline range and determining the sentence that will be imposed. <u>The Government agrees to recommend a fine within the Guideline range determined to be applicable by the District Court according to the fine table at U.S.S.G. §5E1.2 For example, if the Court determines that Offense Level 12 is correct, the Government will recommend a fine between $3,000-$30,000. The Government and the Defendant agree to recommend a sentence within the Guideline range ultimately found by the Court. The Government and the Defendant reserve the right to address the sentencing factors set forth in 18</u>

5

U.S.C. § 3553(a), but agree not to seek a sentence outside the applicable Guideline range. The agreement by the parties to not seek a variance from the Guidelines is not binding upon the Court or the United States Probation Office, and the Court may impose any sentence authorized by law. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

### ADVISORY GUIDELINE CALCULATION:

4. The Government submits that the Advisory Guideline calculation for Count 1, Violation of the Sherman Antitrust Act, 15 U.S.C. § 1 is, as follows:

| Description | Offense Level | U.S.S.G. Section |
|---|---|---|
| a. Base offense level | 12 | §2R1.1(a) |
| b. Volume of commerce | +2 | §2R1.1(b)(2)(A) |

5. The Government and the Defendant acknowledge the specific offense characteristic found at U.S.S.G §2R1.1(b)(1) adds one level if coconspirators submit noncompetitive bids. However, the parties agree that <u>United States v. Heffernan</u>, 43 F.3d 1144 (7th Cir. 1994) controls the application of that specific offense characteristic and precludes its

6

applicability under the facts of this case. General Counsel for the United States Sentencing Guidelines has been consulted and agrees with the parties' assessment.

6. Defendant and the Government agree that no vulnerable victim-related adjustments apply to this offense. *See* U.S.S.G. §3.A1.1.

7. Defendant and the Government agree that the Defendant's role in the offense will be neither increased (under U.S.S.G. §3B1.1) nor decreased (under U.S.S.G. §3B1.2).

8. Defendant and the Government agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. §3C1.1, the Defendant's base offense level should not be increased.

9. Defendant and the Government anticipate that by pleading guilty the Defendant will be entitled to a reduction of two levels for demonstrating a recognition and affirmative acceptance of personal responsibility for this criminal conduct. U.S.S.G. §3E1.1(a). This two-level reduction would reduce the Offense Level from 14 to Offense Level 12. A reduction for acceptance of responsibility is dependent on the Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

10. It appears that Defendant has zero (0) Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is I.

11. Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted before sentencing. Defendant recognizes that, regardless of the criminal history found by the Court, Defendant will not be able to withdraw the plea of guilty.

12. The Defendant understands that the Government will recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

13. The Government will move for an order, pursuant to 18 U.S.C. §3663A(c)(3)(B) and 18 U.S.C. §3664(a) and (d), determining that the complex issues of fact related to a significant number of potential victims in this case makes it impracticable to perform a complete accounting of the losses to each particular potential victim directly or proximately harmed as a result of the offense. The Government will ask the Court for an order finding that it has exercised its "best efforts" to accord potential victims their right of restitution in the instant case and for a ruling that no additional resources need be expended in determining the exact amount of restitution owed to each of the potential victims in the case.

14. The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested.

15. The Defendant acknowledges that Title 18, United States Code, Section 3143(a)(1) requires that upon a plea of guilty in this case, the Court must order the Defendant detained pending sentencing, unless the Court finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if admitted to bond, pursuant to Title 18, United States Code, §3142(b) or (c). The Government agrees that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if admitted to bond pending sentencing.

## III.

1.  The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised the right to trial. The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the Government has provided sufficient discovery to make an informed decision about entering into a pre-indictment plea agreement. Known information, if any, establishing the factual innocence of the defendant has been turned over to the defendant. The Government acknowledges the continuing duty to provide such information. The defense has had access to Government witnesses and has interviewed material witnesses. The Defendant has reviewed the evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel.

2.  The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4. Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**IV.**

No matters are in dispute.

Respectfully submitted,

STEVEN D. WEINHOEFT
Assistant United States Attorneys

STEPHEN R. WIGGINTON
United States Attorney

**AGREED:**

BARRETT R. ROCHMAN

Date: 10/17/13

JOHN ROGERS, Counsel for the Defendant

Date: 10/17/13

11