IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

OCT 1 7 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 3:13-cr-30222-DRH |
| | ) | |
| BARRETT R. ROCHMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO ESTABLISH ALTERNATIVE PROCEDURE
## FOR CRIME VICTIM NOTIFICATION

The United States of America moves this Court for an order, pursuant to the Justice for All Act of 2004, specifically 18 U.S.C. § 3771(d)(2) and Fed. R. Crim. P. 60, designating this case as a "multiple victim" case and permitting the Government to adopt a "reasonable procedure" for providing notice to "crime victims."

### *Legal Standard:*

1. Pursuant to 18 U.S.C. §3771(a), a crime victim has certain rights, including "the right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused" and the "reasonable right to individually confer with the attorney for the government in the case."

2. The Act requires that the Department of Justice use its "best efforts" to see that "crime victims" are notified of and accorded rights enumerated in the statute. 18 U.S.C. §3771(c)(1) The Act defines "crime victim" as "a person directly or proximately harmed as a result of the commission of a Federal offense ...." 18 U.S.C. § 3771(e).

3. The Act provides, in Section 3771(d)(2), that where the Court finds that "the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings.

4. The Advisory Committee Notes to Fed. R. Crim. P. 60 explain that the rule was created to implement both the Crime Victims' Rights Act (CVRA), found at 18 U.S.C. §3771 and the Victims' Rights and Restitution Act (VRRA), found at 42 U.S.C. § 10607. The VRRA places concurrent obligations upon all federal departments and agencies to, *inter alia*, identify and notify crime victims of their various rights. Fed. R. Crim. P. 60 requires the Government and the Court to use "best efforts" to identify victims and to provide the enumerated rights to victims. However, Rule 60(b)(3) empowers the District Court to fashion a reasonable alternative procedure in multiple victim cases to avoid unduly complicating or prolonging the proceedings.

5. The Government submits that the number of crime victims directly and proximately harmed by the conspiracy would make it impracticable for the Government to individually confer with or provide notice to each victim with individual notices about every public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused. In addition, the factual circumstances present in the instant case preclude the Government from being able to identify and locate all possible crime victims making it impracticable to accord the rights set forth in the CVRA and the VRRA.

6. The most reasonable procedure for providing notice to crime victims is through public means of notification, including news releases and through the establishment of a web page on the Internet.

### *Factual Background:*

7. The charged conspiracy consists of a continuing agreement, understanding and concert of action among the Defendant and co-conspirators, the substantial terms of which were to fix prices and rig bids for property tax liens auctioned in 2005-2008 by Madison County, within the Southern District of Illinois. The crime victims include the individual owners whose property was subject to a tax lien that was sold at a rigged auction.

8. There were nearly 10,000 property tax liens purchased during that time period. Identifying and locating each individual property owner who may be a victim of the conspiracy would be extremely burdensome. Mailed notification would be prohibitively expensive considering that the most recent charged conduct dates back more than four years and extends to as early as 2005. Given the dated nature of the addresses the Government possesses for the potential victims, routine notification procedures, such as letters, would be largely unsuccessful. Census data establishes that from 2005-2010 that 35.4% of people were residing in a different residence compared to five years earlier. (Ihrke and Faber. (2012, December 12). Geographical Mobility: 2005-2010, Population Characteristics. Retrieved from http://www.census.gov/prod/2012pubs/p20-567.pdf.) Additionally, in some cases the property owners may have died, leaving heirs who may be located for the purposes of notification only after considerable effort. In other instances, the property subject to the tax lien sold pursuant to the conspiracy may have been foreclosed upon, and the property owners may have moved to other locations.

9. The government has considered alternative procedures and has determined that the most reasonable procedure calculated to accomplish the purpose of the Act with respect to reasonable notice to crime victims, without unduly complicating or prolonging the proceedings, is as follows:

a. the Government proposes to establish a publicly-accessible web page that will be updated in a timely fashion to provide up-to-date case schedule information and provide reasonable notice of the proceeding on the Internet. The web page will be accessible from the US Attorney for the Southern District of Illinois' website, found at http://www.justice.gov/usao/ils/

b. the website will contain contact information to ensure that anyone with additional questions can contact a specified individual for additional information.

10. The Government respectfully suggests that the proposed procedure is the most practicable way of complying with the Act under the circumstances of this case.

**WHEREFORE,** the Government requests the Court enter an order finding that the number of crime victims makes it impracticable to accord all of the rights described in 18 U.S.C. §3771(a), and permitting the Government to make public means of notification, including news releases and through the establishment of a web page on the Internet.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

/s/ Steven D. Weinhoeft
STEVEN D. WEINHOEFT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 telephone
(618) 628-3720 facsimile
E-mail: Steven.Weinhoeft@usdoj.gov

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CRIMINAL NO. 3:13-cr-30222-DRH |
|  | ) |  |
| BARRETT R. ROCHMAN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**Certificate of Service**

I hereby certify that on October 9, 2013, I caused to be electronically filed a **MOTION TO ESTABLISH PROCEDURE FOR CRIME VICTIM NOTIFICATION PURSUANT TO 18 U.S.C. §3771(d)(2)** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all attorneys of record.

I hereby certify that on October 9, 2013, I caused to be mailed by United States Postal Service, the document(s) to the following non-registered participants: NONE

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

/s/ *Steven D. Weinhoeft*

STEVEN D. WEINHOEFT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 telephone
(618) 628-3720 facsimile
E-mail: Steven.Weinhoeft@usdoj.gov